IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVE AND ELLEN MALONE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-2757-K |
| | § | |
| BLUE CROSS AND BLUE SHIELD OF TEXAS, INC., BLUE CROSS AND BLUE SHIELD OF TEXAS, A DIVISION OF HEALTH CARE SERVICE CORPORATION, INSURANCE CONNECTION USA, and GARRISON & ASSOCIATES, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Renewed Opposed Motion to Remand (Doc. No. 34). The Court has carefully considered the motion, the responses, the applicable law, and the relevant portions of the record. Based on Plaintiffs' Second Amended Complaint, there is not complete diversity of the parties and, therefore, the Court does not have diversity jurisdiction. Accordingly, the Court **GRANTS** the renewed motion to remand under 28 U.S.C. § 1447(c). (It is unclear to the Court, but to the extent Plaintiffs' renewed motion seeks reconsideration of the Court's prior order denying remand, the Court **denies** that relief. See FED. R. CIV. P. 54(b).)

ORDER – PAGE 1

The Court finds it unnecessary to again recite the factual background as it is unchanged from that in the Court's previous order (Doc. No. 22). However, the Court will turn to the procedural history as that has changed. After the Court entered its order denying remand, Plaintiffs filed their Second Amended Complaint ("Amended Complaint") (Doc. No. 26) as a matter of course in response to non-diverse Defendants Insurance Connection USA and Garrison & Associates' ("Insurance Agent Defendants") motion to dismiss (Doc. No. 21). In their Amended Complaint, Plaintiffs pleaded additional factual allegations concerning Insurance Agent Defendants as well as new state law claims against them for negligent procurement of an insurance policy, violations of Texas Insurance Code § 541.051, and Texas Deceptive Trade Practices Act ("DTPA"). Plaintiffs then filed their "renewed" motion to remand.

The party seeking removal bears the burden of establishing federal jurisdiction. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). Removal jurisdiction is strictly construed "and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The court must "resolve all contested factual issues and ambiguities of state law in favor of the plaintiff." *Id.* at 281. As "removal raises significant federalism

concerns," the court must strictly construe the removal statute, "and any doubt about the propriety of removal must be resolved in favor of remand." *Id.*

Insurance Agent Defendants removed this case asserting diversity jurisdiction as the basis for this Court's jurisdiction. Although they share the same citizenship as Plaintiffs, Insurance Agent Defendants argue they were improperly joined because Plaintiffs cannot establish a claim against them in state court. Insurance Agent Defendants "bear[] a heavy burden of proving" that their joinder as non-diverse defendants was improper. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004)(en banc). To prove improper joinder, Insurance Agent Defendants must demonstrate there is no possibility of Plaintiffs recovering against them in state court. *Id.* at 573. (Insurance Agent Defendants do not allege actual fraud in Plaintiffs' pleadings as the basis for improper joinder.) To that end, the Court conducts a Rule 12(b)(6)-type analysis in determining whether there is no reasonable basis for the Court to predict that Plaintiffs may recover against Insurance Agent Defendants on their state law claims, but this analysis does not focus on the merits of Plaintiffs' case. *See id.* at 573-75.

Although Plaintiffs have asserted several claims against Insurance Agent Defendants, the Court need only decide whether there is a reasonable basis to predict whether Plaintiffs can possibly recover against Insurance Agent Defendant on any one

of these claims, not each of them. *See Smith-Manning v. State Farm Lloyds*, Civ. Action No. 3:13-CV-3056-M, 2013 WL 5637539, at *2 (N.D. Tex. Oct. 14, 2013)(Lynn, J.). The Amended Complaint, which is now the live pleading, sets forth additional factual allegations and legal claims against Insurance Agent Defendants. Taking the well-pleaded facts as true, the Court concludes there is a reasonable basis to predict that Plaintiffs may recover against Insurance Agent Defendants on their claim for negligent procurement of an insurance policy.

Texas law recognizes negligent procurement of an insurance policy as a legally cognizable claim against an insurance agent. *See May v. United Servs. Ass'n. of Am.*, 844 S.W.2d 666 (Tex. 1992). The Texas Supreme Court held that an insurance agent "owes a duty to a client to use reasonable diligence in attempting to place the requested insurance and to inform the client promptly if unable to do so." *Id.* at 669. Here, Plaintiffs allege they informed Insurance Agent Defendants of Plaintiff Steve Malone's specific cancer diagnosis and his ongoing care and treatment. More explicitly, Plaintiffs allege they made known to Insurance Agent Defendants that Plaintiffs' health insurance policy under Humana (which was being discontinued) covered Mr. Malone's ongoing cancer treatments and they "specifically requested" Insurance Agent Defendants furnish them with a health insurance policy that would "provide the same or better coverage as Humana, *especially* as it relates to Mr. Malone's cancer

treatments." Insurance Agent Defendants allegedly agreed to procure the specific coverage requested and, thereafter, provided the Blue Cross Blue Shield ("BCBS") Policy. Insurance Agent Defendants allegedly told Plaintiffs the BCBS Policy would provide the requested insurance coverage, specifically including Mr. Malone's ongoing cancer treatments and the Rituxan therapy. Insurance Agent Defendants also allegedly represented to Plaintiffs that "the [BCBS] Policy was as good as or better than the Humana plan, and would provide the same or better coverage." Plaintiffs then enrolled in the BCBS Policy. However, shortly thereafter, Plaintiffs' claim submitted for Mr. Malone's ongoing Rituxan therapy "was denied on the basis that the [BCBS] Policy does not provide coverage for the needed medical care." The repeated denial of coverage for this cancer treatment claim spanned six months. Plaintiffs allege they were irreparably harmed because Mr. Malone was taken out of the Rituxan therapy during this time period and prevented from re-entering, and any benefits he had received from it were nullified.

The Court finds Plaintiffs' allegations in their Amended Complaint have shown at least the possibility of establishing one claim against the non-diverse Insurance Agent Defendants in state court and this defeats Insurance Agent Defendants' improper joinder argument and, therefore, complete diversity. *See LC Farms, Inc. v. McGuffee*, Civ. Action No. 2:12-CV-165-SA, 2012 WL 5879433, at *4-5 (N.D. Miss. Nov. 21,

2012) (although plaintiff's state court complaint did not allege viable claim against non-diverse defendant, court found plaintiff's motion to remand must be considered in light of plaintiff's amended complaint which was filed as matter of course after removal, and amended complaint did potentially allege state law claim against non-diverse defendant which defeated complete diversity and mandated remand). Again, the Court's analysis for improper joinder of these defendants does not focus on "whether the plaintiff will actually or even probably prevail on the merits of the claim," but only the "possibility that the plaintiff might do so." *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995). Any doubt about the propriety of removal must be resolved in favor of remand. *Gasch*, 491 F.3d at 281. Taking the well-pleaded facts as true and resolving all factual disputes and ambiguities in Plaintiffs' favor, the Court concludes Plaintiffs have pleaded factual and legal allegations in their Amended Complaint that permit the Court to reasonably predict that they might be able to recover against non-diverse Insurance Agent Defendants for the alleged misconduct. *See Smallwood*, 385 F.3d at 573. Because there is no improper joinder of non-diverse Insurance Agent Defendants and, therefore, no diversity jurisdiction, the sole basis for this Court's subject matter jurisdiction, the Court finds remand is required. 28 U.S.C. § 1447(c).

Furthermore, the Court is obligated to review its subject matter jurisdiction *sue sponte* at any time. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230-31 (1990); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."). Even in the absence of a motion to remand, the Court would have examined its subject matter jurisdiction on its own motion based on Plaintiffs' Amended Complaint, and remand would nevertheless have resulted under 28 U.S.C. § 1447(c). *See Petree v. Metro. Lloyds Ins. Co. of Tex.*, Civil Action No. 3:16-CV-0735-G, 2016 WL 4211764, at *2-3 (N.D. Tex. Aug. 9, 2016)(Fish, J.) (having previously denied plaintiffs' motion to remand because of improper joinder, court remanded case on its own motion after considering whether plaintiffs "have successfully stated a claim against [non-diverse defendant] in the plaintiffs' first amended complaint."); *Mills Grp. Ltd. v. Oceanografia, S.A. de C.V.*, Civ. Action No. H-08-3449, 2009 WL 3756931, at *2 (S.D. Tex. Nov. 6, 2009) (court already denied plaintiff's motion to remand based on improper joinder but on court's own motion considered diversity jurisdiction based upon filing of plaintiff's third amended complaint).

Having conducted a Rule 12(b)(6)-type analysis, the Court finds Plaintiffs' Amended Complaint contains allegations against the Insurance Agent Defendants sufficient enough for the Court to predict that Plaintiffs may recover against them on

at least one state law claim. *See Smallwood*, 385 F.3d at 573-75. Because Insurance Agent Defendants have failed to meet their heavy burden to establish improper joinder, the Court finds there is not complete diversity and, therefore, no diversity jurisdiction. *See* 28 U.S.C. § 1447(c). The Court must **grant** Plaintiffs' renewed motion to remand. Because the Court lacks subject matter jurisdiction under § 1332, this case must be remanded pursuant to 28 U.S.C. § 1447(c).

For the reasons stated above, this case is **REMANDED** to the 191st Judicial District Court of Dallas County, Texas. The clerk shall mail a certified copy of this Memorandum Opinion and Order to the district clerk of Dallas County, Texas. 28 U.S.C. § 1447(c).

**SO ORDERED.**

Signed September 3rd, 2019.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE